*1077 OPINION.
Teammell :
The Board has heretofore had occasion to consider contracts of the nature of those in question in the cases of Dallas Athletic Assn., 8 B. T. A. 1036, and Houston Baseball Assn., 24 B. T. A. 69. The provisions of the contracts considered by the Board in those cases are substantially the same as the provisions of the contracts involved in these proceedings. In the Dallas case, supra, the Board said:
It is well settled that if these contracts represent capital assets and were exhausted by the passage of time or otherwise, the petitioner is entitled to spread the amount paid for each contract over the determinable period of its life, and to deduct an aliquot part thereof in each year.
We held that the renewal clause in the contracts under the conditions presented gave the contract a life, of more than one year. In the light of the decision in the case of Bonwit Teller & Co. v. Commissioner, 53 Fed. (2d) 381, we think that we were in error, and those decisions will not be followed.
In the case of 353 Lexington Avenue Corp. et al., 27 B. T. A. 762, we said with reference to the Bonwit Teller case:
Petitioner’s principal reliance is on the case of Bonwit Teller & Co. v. Commissioner, 53 Fed. (2d) 381, in which it was held that where the original term of a lease had 19 years to run from March 1, 1913, with an option to renew for *1078 21 years at a renewal to be based on an appraisal of the property, the lessee taxpayer was entitled to exhaust the March 1, 1913, value of the lease over the remaining life of the original term of the lease. That decision is premised upon the statutory provision that exhaustion deductions are allowable in respect of “ property used in the trade or business,” and the fact that in that case “ the property being used in the business (the leasehold) will be exhausted in nineteen years.” In so holding the court did not disregard the existence of the option to renew, but proceeded on the theory that the option was not property then being used in the business, and that in the event of its exercise new property would be created which might then be the subject of exhaustion. Counsel for respondent attempts to distinguish the present case from the Bonwit Teller decision on the ground that the court had before it a question of exhausting only the March 1, 1913, value of the unexpired term of the original lease, whereas in this case the investment by the lessee in the building and the length of its useful life mates it evident that the lessee intended to renew, and consequently exhaustion should be spread over the period that the lessee is entitled to enjoy the use of the property. We think that this is not a valid distinction. A reading of the court’s opinion discloses that the renewal privilege was taken into consideration and it was held that the result would be the same whether or not the option entered into the value of the lease. The court said:
Such an option might readily enhance the value of the lease, but it could hardly be supposed to change the period during which the lease would become exhausted.
In our opinion this case is governed by the same principle as above stated. The contracts here involved were only for one year, with the option of renewal. If renewed, there is another contract. The one year contract is the “ property used in the trade or business.” The cost of one-year contracts should be allowed as a deduction in the year acquired. This is the way in which the taxpayer handled the contracts on its returns.
In view of our decision it is not necessary to decide the questions presented as to the proper method of taking the amortization deduction with respect to contracts for prior years, or the basis of determining gain or loss with respect to sales thereof.
Reviewed by the Board.

Judgment will he entered under Rule 50.